# UNITED STATES DISTRICT COURT

## District of Minnesota

Edward Poindexter,

                            Plaintiff,

(Enter the full name of **ALL** plaintiff(s) and prisoner
number(s) in this action)

vs

Victoria Pohlmann, et al.,

                            Defendants.

(Enter the full name of **ALL** defendant(s) in this action)

RECEIVED
BY MAIL
APR 10 2008
CLERK, U.S. DISTRICT COURT
ST. PAUL, MN

Civil No. 08cv 1186 JNE/JSM

COMPLAINT FOR VIOLATION
OF RIGHTS UNDER
42 U.S.C. 1983

RECEIVED
BY MAIL
APR 24 2008
CLERK, U.S. DISTRICT COURT
ST. PAUL, MN

## 1. PREVIOUS LAWSUITS

A   Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or
otherwise relating to your imprisonment in the last three years?

_____ Yes      __X__ No

B.   If your answer to A is Yes, describe each lawsuit in the space below.  (If there is more than one lawsuit,
describe the additional lawsuits on another piece of paper, using the same outline.)

    1.   Parties to this previous lawsuit:

        Plaintiffs

        Defendants

    2.   Court (if federal court, name the district.  If state court, also name the county)

    3.   Case Number

    4.   Name of judge to whom case was assigned

SCANNED
APR 2 9 2008
vem
U.S. DISTRICT COURT ST. PAUL

5.   Cause of Action  (Cite statute under which you filed and write a brief statement of the case):

_____

_____

_____

6.   Disposition (For example: Was the case dismissed?  Appealed?   Still pending?

_____

7.   Approximate date of
     filing of lawsuit        _____

8.   Approximate date of
     disposition              _____

9.   Attach copy of disposition it not from Federal District Court of Minnesota.


## II.   PLACE OF PRESENT CONFINEMENT

A.   Is there a prisoner grievance procedure in the institution?

     __X__  Yes        _____  No

B.   Did you present the facts relating your complaint in the prisoner grievance procedure?

     _____  Yes        __X__  No

C.   If your answer is Yes:

     1.   What steps did you take?     None. This complaint concerns

          violations of my rights at the Minnesota Correctional Facility.

     2.   What was the result?     I was expelled from the state before

          having a chance to address grievances in court.

     3.   Attach a copy of disposition

D.   If your answer is No, explain why not:
     I was on an Interstate Compact transfer and filed a habeas corpus, but was

     kicked out of the state for no reason before I had my habeas hearing.

     _____


## III   PARTIES

(In Item A below, place your name in the first blank and place your present address in the second blank.  Do the same for additional plaintiffs)

A.   Name of Plaintiff:     Edward Poindexter

     Address:     NSP, Box 2500, Lincoln, NE 68542-2500

     Additional Plaintiffs:     _____

     _____

     _____

III.   PARTIES

Plaintiff:              Edward Poindexter #27767

                        NSP, Box 2500

                        Lincoln, NE 68542-2500

Defendants:     1.    Officer Victoria Pohlmann

                        MCF-FRB

                        1101 Linden Lane

                        Faribault, MN 55021-6400

                2.    C. Davis, Mail Room

                        MCF-FRB

                        1101 Linden Lane

                        Faribault, MN 55021-6400

                3.    Lou Stander, Associate Warden of

                          Operations

                        MCF-FRB

                        1101 Linden Lane

                        Faribault, MN 55021-6400

                4.    Sgt. Krentz

                        MCF-FRB

                        1101 Linden Lane

                        Faribault, MN 55021-6400

                5.    Officer C. Peine

                        MCF-FRB

                        1101 Linden Lane

                        Faribault, MN 55021-6400

1

III.    PARTIES CONTD.

        6.    Penelope "Penny" Malecha, Career Case Mgr.

              MCF-FRB

              1101 Linden Lane

              Faribault, MN 55021-6400

        7.    James "Jim" Lyons, Assistant Warden/Operations

              MCF-FRB

              1101 Linden Lane

              Faribault, MN 55021-6400

        8.    Janice "Jan" Hanlon, "RN"

              MCF-FRB

              1101 Linden Lane

              Faribault, MN 55021-6400

        9.    Jaclyn "Jackie" Carter, "CPD"

              MCF-FRB

              1101 Linden Lane

              Faribault, MN 55021-6400

        10.   Constance "Connie" Roehrich, Warden

              MCF-FRB

              1101 Linden Lane

              Faribault, MN 55021-6400

    The above-listed ten (10) defendants are sued in their

"Individual and Official Capacities."

2

IV.    **STATEMENT OF CLAIM**

**Preliminary Statement**

Ten (10) defendants conspired to retaliate against plaintiff Edward Poindexter for exercizing his United States Constitutional rights under the 1st Amendment that also violated his 6th, 8th and 14th Amendment rights.

Plaintiff is a sixty-three (63) year old disabled Vietnam veteran who had been on an Interstate Compact Transfer program from the Nebraska State Prison (NSP) to the Minnesota Department of Corrections (MNDOC) since July 18, 1979, and has always had an excellent behavior and personal achievement record.

While housed at the Minnesota Correctional Facilty at Faribault's (MCF-FRB) "Assisted Living unit," plaintiff had a reputation for being an outspoken critic of the prison administration's mistreatment of him since being transferred there on August 10, 2004. He also encouraged other abused disabled inmates in his living unit to file grievances with the courts.

Plaintiff also filed a civil rights complaint against several MNDOC physicians, as well as a habeas corpus petition in which he named several corrections officials as defendants. Consequently, driven by a class-based animus, defendants conspired and comitted fraudulent representation and fraudulent concealment, and retaliated against plaintiff by locking him up in Segregation for seventeen (17) days for no penological reasons, then kicked him out of the state and returned him to the NSP where he remains today, missing his scheduled habeas corpus hearing in Minnesota.

Defendants also opened and read plaintiff's legal mail out of his presence on several occasions in an effort to learn

the names of defendants in an upcoming lawsuit against MNDOC employees.

The four (4) claims in this civil complaint all stem from the same set of circumstances and facts of continuing wrongs that all satisfy the necessary elements of a conspiracy to commit fraudulent representation and fraudulent concealment, then retaliation against plaintiff in a reckless, callous, intentional and deliberate indifferent manner for exercizing his united States Constitutional rights of free speech and a meaningful and unfettered access to the courts that was all motivated by evil intent and a class-based animus that caused him irreparable harm and emotional duress and torment.

JURISDICTION

This Court has jurisdiction over plaintiff's claims of violations of his federal rights under 42 U.S.C.A., §§§§§§§§ 1983, 1985, 1986, 1331(A), 1343, 1223, 3602, 3631, Supplemental Jurisdiction over plaintiff's State Tort claims under 28 U.S.C.A., § 1997, and the 1st, 6th, 8th and 14th Amendments of the United States Constitution.

Defendants are employees of the MNDOC, and all are "State Actors" who acted under "color of state law," and are all also sued in their "individual" and "official" capacities.

Plaintiff also cites Haines v. Kerner, 404 U.S. 519, Jones v. U.S., 2007 WL 442242 (W.D.Pa.), and in pari materia, all applicable Minnesota laws and statutes, including conspiracy, fraudulent representation and fraudulent concealment, and the Minnesota Constitution.

4

### CLAIM I

DEFENDANTS OPENED AND READ PLAINTIFF'S LEGAL MAIL OUTSIDE OF
HIS PRESENCE, VIOLATING HIS UNTED STATES CONSTITUTIONAL RIGHTS

#### UNDER THE 1ST AND 14TH AMENDMENTS

#### STATEMENT OF FACTS

1.    At 5:15 pm on August 3, 2005, plaintiff picked up his legal
mail at the Sergeant's Desk from Officer V. Pohlmann, who
"opened" the piece of mail in front of him.

2.    Plaintiff noticed later in his room that said piece of mail
had already been opened, then re-sealed by two staples. See
Exhibits #1 and #2.

3.    A similar scenario also occured with the same defendant on
January 5, 2006. Exhibits #3, #4 and #5.

4.    Plaintiff recalled when Pohlmann re-opened his legal mail,
she did so by slipping two fingers through the envelope, ripping
through the two staples. But the original opening had been made
by a pair of scissors that left jagged lines across the opening.
Exhibit #1 again.

5.    When the Mail Room opens inmate mail, the usual procedure
is to use an electric letter opener that leaves a clean, straight
line across the edge of the envelope. And when legal mail is
"mistakeningly" opened, an apologetic note is placed in the
envelope acknowledging that it was an "accident." But such was not
the case in the above-mentioned incident.

6.    C. Davis and one unidentified Mail room employee opened
plaintiff's legal mail on three (3) occasions. Once can be said
to be an accident, but three times is suspicious. Exhibits #6,
#7, #8 and #9.

5

## CLAIM II

DEFENDANT CONFISCATED PLAINTIFF'S LEGAL DOCUMENTS AND REFUSED
TO RETURN THEM, IN VIOLATION OF HIS UNITED STATES CONSTITUTIONAL
RIGHTS UNDER THE 1ST, 8TH AND 14TH AMENDMENTS

### STATEMENT OF FACTS

7.   On or about February 14, 2005, plaintiff received two police reports via mail that he needed in preparation for an upcoming post conviction appeal in the Douglas County Court in Omaha, Nebraska.

8.   Plaintiff received a notice from the Mail Room stating that said police reports were unallowable items because plaintiff's name was not mentioned in them, which was the entire point of his claim and need to include said reports in his upcoming legal action. Exhibit #10.

9.   Plaintiff appealed to the Mail Room, and forwarded a copy of the Kite to the department supervisor <u>Lou Stender, Associate Warden of Operations</u>, whose negative response was a terse "Received and noted." Exhibit #11.

10.  Plaintiff also received a note from another Mail Room employee informing him that the decision to confiscate and hold his legal documents came from a "supervisory level," meaning Lou Stender. Exhibit #12.

11.  Plaintiff then sent a stamped, addressed envelope to the Mail Room to have his two police reports sent back out, but he never received confirmation from the Mail Room verifying that his documents had, in fact, been sent out.

6

## CLAIM III

**DEFENDANTS PERMITTED TOBACCO SMOKING IN HIS LIVING UNIT, THUS
SUBJECTING HIM TO HARMFUL LEVELS OF SECONDHAND ETS, VIOLATING
HIS UNITED STATES CONSTITUTIONAL RIGHTS UNDER THE 8TH AND 14TH
AMENDMENTS**

### STATEMENT OF FACTS

12.  Tobacco smoking is banned in all state-owned and run
institutions in the state of Minnesota; said law applies
especially to state correctional facilities. Said law is applied
very rigidly to prison inmates, and inmate smoking was a very
rare occurance during plaintiff's stay at MCF-FRB.

13.  On Wednesday, January 25, 2006, plaintiff was attempting
to take a nap because he was weak from pneumonia due to a bad
reaction to his chemotherapy for Hepatitis C, and his chest was
very congested and he had a very bad cough. Exhibits #13, #14.

14.  Plaintiff approached the Sergeant's Desk to complain to
Sgt. Krentz, and it was instantly apparant that the smoking
was originating from that area.

15.  Plaintiff's complaint about the smoking fell on deaf ears,
as Sgt. Krentz only gave him a blank stare. He repeated his
complaint, but the officer  continued  only giving him a blank
stare.

16.  Plaintiff returned to his room and placed his blanket over
his nose to filter out the tobacco smoke.

17.  The following evening on January 26, 2006, the problem not
only continued, but got worse.

18.  Said tobacco smoking occured mostly during the 2nd Shift

7

from 3:30 pm to 11:30 pm when Sgt. Krentz was the officer in charge of the living unit, and Officers V. Pohlmann and C. Peine assisted him as shift officers.

19.  On Tuesday morning, February 21, 2006, plaintiff went to Sick Call, and while there complained about the smoking problem in his living unit to Nurse Krinkle.

20.  Plaintiff was hesitant to complain to Health Service personnel because they also smoked in the area. Nevertheless, nurse Krinkle said she'd "look into it."

21.  The smoking in plaintiff's living unit ceased for a couple of days, **then resumed with a vengeance** .

22.  Plaintiff compiled a "Smoking Log" containing numerous affidavits of his, plus one affidavit from a quadrapalegic inmate in his living unit who had the same complaint. Exhibit #15.

23.  Plaintiff was also promised more affidavits about the smoking problem in his living unit from inmate Nico Redding, but he was kicked out of the state before having an opportunity to collect said affidavits. (See Claim IV)

### CLAIM IV

**DEFENDANTS CONSPIRED TO KICK PLAINTIFF OUT OF THE STATE BEFORE HIS HABEAS CORPUS HEARING, IN VIOLATION OF HIS UNITED STATES CONSTITUTIONAL RIGHTS UNDER THE 1ST, 6TH, 8TH AND 14TH AMENDMENTS**

### STATEMENT OF FACTS

24.  On June 5, 2006, plaintiff met with his case manager, Penny Malecha, who informed him that he was going to be shipped back to his home state for no stated reason.

8

25.   Plaintiff explained to Malecha that he had an upcoming habeas corpus hearing scheduled for July 11, 2006 at the Rice County Court. and requested a postponement of his transfer until at least after his hearing. Exhibit #16.

26.   Malecha acknowledged knowledge of the hearing, stating that she'd also received a copy of the Court's Order, but suggested that plaintiff address his request to James "Jim" Lyons, Assistant Warden of Operations, and head of the PRT (Program Review Team) that made the collective decision to transfer plaintiff.

27.   Later in the day, plaintiff was placed in hand cuffs by the Security Squad and placed in Segregation for no stated reason.

28.   Later in the day, plaintiff received official paperwork on his segregation status, and a copy of the PRT Report wherein he learned that the other members of the Team were Penelope "Penny" Malecha, Career Case Manager, Janice "Jan" Hanlon, "RN," and Jaclyn "Jackie" Carter, CPD. Exhibits #17, #18.

29.   Plaintiff then sent his request Kite to Jim Lyons, but said request was promptly ignored. Exhibit #19.

30.   Plaintiff spent the next seventeen (17) days in Segregation, and was sent back to the NSP on June 22, 2006, without any type of hearing, no former or even informal charges or even accusations. (See Exhibit #18 again)

30b. On June 26, 2006, someone from MCF-FRB called the Rice County Clerk to announced that plaintiff had been transferred.  Exhibit #19b.

31.   Defendants Stender is the direct supervisor of Lyons, and Warden Constance "Connie" Roehrich is Stender's supervisor.

9

Plaintiff's untimely transfer would not have been possible with-
out the "signing off" by the forementioned two defendants.

32.   Plaintiff also states for the record that he was known in
the living unit to have been active in pro se litigation taken
against MNDOC doctors, officials and other employees, as well
as his attack on an unconstitutional state procedure of the
MNDOC giving him an illegal upward departure of his prison
sentence addressed in his habeas corpus petition. Exhibits #20,
#21.

33.   Plaintiff was also an active advocate of other disabled
inmates in his living unit addressing their grievances through the
proper channels, and advised them in filing their own petitions.

34.   Plaintiff's untimely transfer also separated him from his own
legal advisor in inmate Nico Redding, who, at the time of his
transfer, was assisting plaintiff in preparing for his habeas corpus
hearing. The two of them were also collaborating on filing another
humongous civil complaint against the MNDOC employees and offic-
ials. Exhibit #22.

35.   Plaintiff's untimely and illegal transfer also caused him
considerable stress, duress and emotional torment not only that
already stated herein, but due to his chronic and debilitating
health; he was anxious to win his habeas corpus in Minnesota not
just for obvious reasons, but so that he could check into the
nearest Veteran's Hospital to receive adequate health care, which
was something he did not receive in the Minnesota Correctional
system, nor at his present resident at the NSP. Exhibits #23,
#24, #25 and #26.

10

36.   Plaintiff also states for the record that aside from the
two (2) previously mentioned lawsuits filed against MNDOC
employees and officials, he also filed several grievances against
same concerning the terrible manner in which he had been treated
while he was confined to MCF-FRB's Assisted Living Unit from
August 10, 2004 to June 20, 2006, for denial of medical care
and accommodations. Exhibits #27, #28, #29, #30, #31 and #32.

37.   During the month of January, 2006, plaintiff met with his
Case Manager, Penny Malecha, following a request to leaf through
his Base Files in search of some documents he might use in
preparation for his habeas corpus petition.

38.   Among said documents he had copied was the COMS memo from
Erik Skon, Assistant Commissioner of Adult Facilities for the
MNDOC. Exhibit #33.

39.   Said COMS memo gave plaintiff an upward departure of his
first degree murder life sentence received on April 17, 1971,
in the Douglas County Court, in Omaha, Nebraska. Exhibit #34.

40.   Through said COMS memo, the MNDOC changed plaintiff's
sentence that has a defacto mandatory release of no later than
on or about April 17, 1988, to **April 17, 2071,** thus making him a
Minnesota prisoner as of the effective date of the COMS memo,
December 1, 2000.

41.   Plaintiff, further, had no knowledge of said COMS memo
before he read it in his Base Files during the month of January
of 2006.

V.    RELIEF

A.    AWARD PLAINTIFF COMPENSATORY DAMAGES FROM DEFENDANTS

IN THE FOLLOWING AMOUNTS:

1.    Officer V. Pohlmann

      Claim I,    $10,000, for two counts

      Claim III,  $30,000, for all counts (See Smoking Log)

                                      TOTAL = $40,000

2.    C. Davis, Mail Room

      Claim III,  $20,000, for four counts

                                      TOTAL = $20,000

3.    Lou Stender, Associate Warden of Operations

      Claim II,   $10,000, for two counts

      Claim IV,   $81,000              TOTAL = $91,000

4.    Sgt. Krentz

      Claim III,  $30,000, for all counts (See Smoking Log)

                                      TOTAL = $30,000

5.    Officer C. Peine

      Claim III,  $30,000, for all counts (See Smoking Log)

                                      TOTAL = $30,000

6.    Penelope "Penny" Malecha, Career Case Manager

      Claim IV,   $81,000             TOTAL = $81,000

7.    James "Jim" Lyons, Assistant Warden of Operations

      Claim IV,   $81,000             TOTAL = $81,000

8.    Jan Hanlon, "RN"

      Claim IV,   $81,000             TOTAL = $81,000

12

V.      RELIEF CONTD.

9.      Jaclyn "Jackie" Carter, "CPD

        Claim IV      $81,000                  TOTAL = $81,000

10.     Constance "Connie" Roehrich, Warden

        Claim IV      $81,000                  TOTAL = $81,000

                                        SUB TOTAL = **$616,000**

B.      **AWARD PLAINTIFF PUNITIVE DAMAGES FROM DEFENDANTS IN THE**
**FOLLOWING AMOUNTS:**

        Plaintiff requests this Court to award him Punitive Damages
DOUBLE the amount of Compensatory Damages, making a **GRAND TOTAL OF**
**$1,232,000.00**. It this sounds excessive or exhorbitant, plaintiff
believes it is justified due to the evil intent of the bold and
arrogant, blatant, reckless and callous, flagrant, oppressive,
intentional and deliberate indifferent behavior of a conspiracy to
commit fraudulent concealment, fraudulent representation and
retaliation against plaintiff for exercizing his most fundamental
constitutional right of free speech and an unfettered and meaningful
access to the court. Said allegations were so egregious as to
justify  special damages in essence or in spirit.

        Said retaliation against plaintiff also had a class-based
animus that caused him severe emotional torment and duress, and
irreparable harm.

        Wherefore, plaintiff further asks this Court to grant him
any other proper and necessary relief it may deem he is entitled
to pursuant to 20 U.S.C.A., § 2202.

13

( In Item B below, place the full name of the defendant in the first blank, official position in the second blank, and place of employment in the third blank. Do the same for all additional defendants, using a separate page, if necessary)

B.    Name of Defendant:    Victoria Pohlmann

      employed as:    Correctional Officer

      at:    Minnesota Dept. of Corrections

      Additional Defendants    See page 1

## IV.    STATEMENT OF CLAIM

Provide a concise summary of the **facts** on which your claim is based. Describe how **each individual** defendant is personally involved, including dates, places and specific wrongful acts or omissions or each defendant. Each factual allegation should be set forth in a separate numbered paragraph. (All paragraphs in the "STATEMENT OF CLAIM" should be consecutively numbered.) Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.

See pages  3  through  13

## V.    RELIEF

State briefly exactly what you want the court to do for you:

Make no legal arguments. Cite no case or statutes.

See pages  ~~11~~ *12*  through  ~~12~~ *13*

I (We) hereby certify under penalty of perjury that the above petition is true to the best of my (our) information, knowledge and belief.

Signed this  14th  day of  March, 2008

Signature(s) of Plaintiff(s)  Edward Poindexter

Subscribed and sworn to me on this 14th day of March, 2008.

GENERAL NOTARY - State of Nebraska
SAMUEL S. SHAW
My Comm. Exp. Sept. 27, 2009

Notary Public

## CERTIFICATE OF SERVICE

I, Edward Poindexter, plaintiff in this cause of action, hereby certify that one (1) original, and three (3) true and accurate copies of the foregoing civil rights complaint was sent to the clerk administrator of the United States District Court, located at 700 Federal Building, 360 North Robert Street, St. Paul, Minnesota, 55101-1480, by depositing same into the United States mail (Cartified, Registered, First Class Postage Prepaid) on this ___7th___ day of ___April___, 2008.


April 7, 2008
Date

Edward Poindexter, pro' se
#27767
NSP, Box 2500
Lincoln, NE 68542-2500

April 4, 2008



RECEIVED
BY MAIL

APR 21 2008

CLERK, U.S. DISTRICT COURT
ST. PAUL, MN

Clerk Administrator
 of the United States District Court
Room 700 Federal Building
316 North Robert Street
St. Paul, Minnesota 55101-1460

Dear Sir/Ma'am:

I'm enclosing a check in the amount of $350.00 as a filing fee
for a 42 U.S.C.A., § 1983 civil complaint that should arrive at your
office under separate cover soon, along with summons.

Respectfully Submitted,

Edward Poindexter
#27767
NSP, Box 2500
Lincoln, Nebraska 68542-2500

Pursuant to 28 U.S.C.A., § 1746, I swear under penalty of perjury
that the foregoing is true and accurate to the best of my
information and memory.

April 4, '08

RECEIVED
BY MAIL

APR 10 2008

CLERK, U.S. DISTRICT COURT
ST. PAUL, MN

**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Edward Poindexter

**DEFENDANTS**

Victoria Pohlmann, et al

**(b)** County of Residence of First Listed Plaintiff   Lancaster
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Rice
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

None. Pro se plaintiff

Attorneys (If Known)

?

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☒ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

Appeal to District Judge from Magistrate Judgment

| | |
|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court |
| ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation |
| ☐ 7 Appeal to District Judge from Magistrate Judgment | |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C.A., § 1983  Civil Complaint

Brief description of cause:
Intentional and Deliberate Indifference Toward Constitutional Rights

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** $1,232,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____  DOCKET NUMBER _____

DATE  April 3, 2008

SIGNATURE OF ATTORNEY OF RECORD  Edward Poindexter  pro se

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES

# INMATE INTERVIEW REQUEST

TO: ~~MAIIXRUUMX~~ Inmate Accounts  DATE: 4/15/08

FROM: Edward Poindexter #27767  |  NSP  |  1-A-9

NAME / NUMBER  |  FACILITY  |  LOCATION

WORK LOCATION: N/A  UNIT STAFF: _____

MESSAGE: Please let me know as soon as possible when my $350.00 check
for asfiling fee is sent out to the U.S. District Court in St. Paul, MN.
It's been two weeks since I mailed it. I need to getr this lawsuit
on file asap. Thgecomplaint was returned to me this evening because the c
check had not yet caught up with the complaint. (I had to mail them
out under separate package/cover)

thank You.

ORIGINAL – DCS Employee
YELLOW – Inmate
**Both copies need to be submitted for response.**

*Signature*

REPLY: See attached. It will be
sent out within the next few
days.

4/15/06

Date  Signature

DCS-A-adm-013  (rev. 2/97)

STATE OF NEBRASKA
DEPARTMENT OF CORRECTIONAL SERVICES
ACCOUNTING
INSTITUTIONAL ACCOUNT

| ID NUMBER | NAME | | | | | DATE REC | INST RELEASE | REC CTR | LOCALITY | LAST ACTIVITY |
|---|---|---|---|---|---|---|---|---|---|---|
| 27767 | POINDEXTER/EDWARD | | | | | 04/17/71 | | NSP 1A | 09 | 04/15/08 |

| SSN | PREV ID | GATE | HR | ASSIGNMENT | DATE | IST | CNF | MNT | RST | SAV | SEC | SUS | LEG |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 505562599 | | 00 | AD | UNASSIGNED | 06/22/06 | O | O | | | O | | O | |
| | | | | | | N | N | | | N | | N | |

| PROL | VIOL | DET | BEGIN BAL | BEG UNFR BAL | CURR FR BAL | CURR UNFR BAL | CURR BAL |
|---|---|---|---|---|---|---|---|
| | | N | 1,361.23 | 735.64 | 42.15 | 1,501.39 | 1,543.54 |

| TRAN CODE | TRAN DATE | DOC NUMBER | DESCRIPTION | FROZEN AMOUNT | DEBIT | CREDIT | BALANCE |
|---|---|---|---|---|---|---|---|
| 03801 | 041108 | 9766 | STORE 02 CHARGES | | 1954 | | 185139 |
| 03116 | 041508 | 40408 | US DIST COURT CLERK | | 35000 | | 150139 |

FAC. ___NSP___     H.U. _1-A-9___

DATE __4/4/08__ $ __350.00__

TO __Clerk Administrator__

_Edward Poindexter_
Inmate Name      APR 1 5 2008
ID # __27767__      Date Posted 1 5 2008

Witnessed __CW Kurtchals__

Approved _____

Trust Ck. # __610448__

APR 1 7 2008
RETURN Stub with check for processing.

April 7, 2008

RECEIVED
BY MAIL

APR 10 2008

CLERK, U.S. DISTRICT COURT
ST. PAUL, MN

Clerk Administrator
U.S. District Court
700 Federal Bldg.
316 North Robert St.
St. Paul, MN 55101-1460

Sir/Ma'am:

the enclosed should be self-explanatory with the possible
exception of the stack of summons. I enclosed them in the
event that you needed to stamp, date and sign them individually.
I also enclosed a single summons that left blank the name and
address of the defendants in case that one will suffice for
the record, where you may only need to sign, date and stamp,
then i make ten (10) copies of it to name and address each one
to distribute to defendants.

Sincerely,

Edward Poindexter

RECEIVED
BY MAIL

APR 10 2008

CLERK, U.S. DISTRICT COURT
ST. PAUL, MN

IN THE UNITED STATES DISTRICT COURT OF MINNESOTA

EDWARD POINDEXTER,           )
                             )
                Plaintiff,   )     CASE NO:
                             )
        v.                   )
                             )
VICTORIA POHLMANN, ET AL,    )     NOTICE OF SERVICE BY
                             )
                Defendants.  )          MAIL

On the date of April 7, 2008, I Edward Poindexter, plaintiff in this cause of action, sent by United States mail first class postage prepaid the following documents to the clerk administrator of the United States District Court of Minnesota, located at 700 Federal Building, 316 North Robert Street, St. Paul, Minnesota 55101-1460:

1 - One (1) each original 42 U.S.C.A., § 1983 Civil Complaint,

2 - Three (3) each true and accurate copies of same,

3 - One (1) each summons for ten (10) each defendants,

4 - ~~Ten (10) each summons for ten (10) each individual defendants if needed,~~   EP.

5 - One (1) each "Civil Cover Sheet," Form JS 44.

The $350.00 filing fee was sent under separate cover on or about April 4, 2008.

Pursuant to 28 U.S.C.A., § 1746, I swear under penalty of perjury that the above is true and accurate to the best of my information and memory.

April 7, 2008
_____
Date

Edward Poindexter, pro se
#27767
NSP, Box 2500
Lincoln, NE 68542-2500

LINCOLN NE 685

17 APR 2008 PM

USA 41

Notice: this correspondence was mailed from an
Institution operated by the Nebraska Department
of Corrections. Its contents are uncensored.
Inmate Name: _Edward Poindexter_
Inmate # _27767_
P. O. Box 2500
Lincoln, NE  68542-2500

RECEIVED
BY MAIL

APR 21 2008

CLERK, U.S. DISTRICT COURT.
ST. PAUL, MN

Clerk Administrator
United States District Court
Room 700 Federal Building
316 North Robert Street
St. Paul, Minnesota 55101-1460

LEGAL MAIL        LEGAL MAIL

55101$1460

$ 04.60°
02 1M
0004242783
MAILED FROM ZIP CODE 68508
UNITED STATES POSTAGE
APR 22 2008

46-03-13

EL‑‑‑‑‑‑‑
NSP, BOX 2500
LINCOLN, NEBRASKA 68542-2500

Clerk Administrator
United States District Court
700 Federal Building
316 North Robert Street
St. Paul, Minnesota 55101-1460

LEGAL   MAIL

RECEIVED
BY MAIL

APR 24 2008

CLERK, U.S. DISTRICT COURT
ST. PAUL, MN