**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Edward Poindexter,

        Plaintiff,

v.

Victoria Pohlmann, Officer; Lou Stander, Associate Warden of Operations; Krentz, Sgt.; C. Peine, Officer; Penelope Malecha, "Penny" Career Case Mgr.; James Lyons, "Jim" Assistant Warden/Operations; Janice Hanlon, "Jan" "RN"; Jaclyn Carter, "Jackie" "CPD"; and Constantine Roehrich, "Connie" Warden;

        Defendants.

Civ. No. 08-1186 (JNE/JJK)

**REPORT AND RECOMMENDATION**

---

Edward Poindexter, #27767, NSP, 1-A-12, P.O. Box 2500, Lincoln, NE 68542-2800, *pro se*.

Angela Behrens, Minnesota Attorney General's Office, counsel for Defendants.

---

JEFFREY J. KEYES, United States Magistrate Judge

## I. INTRODUCTION

On April 24, 2008, Plaintiff brought this action *pro se* under 42 U.S.C. § 1983, alleging various violations of his constitutional rights while he has been incarcerated. (Doc. No. 1.) Defendants answered on November 26, 2008. (Doc. No. 20.) Plaintiff then filed two identical motions for judgment on the pleadings on January 5, 2009, and January 6, 2009. (Doc. Nos. 30, 33.) The matter has been referred to this Court for a Report and Recommendation on Plaintiff's

motions. *See* 28 U.S.C. § 636; Local Rule 72.1. For the reasons discussed below, thid Court recommends that Plaintiff's motions be denied.

## II. THE PLEADINGS

Plaintiff's Complaint asserts four claims relating to his incarceration at the Minnesota Correctional Facility located in Faribault, Minnesota ("MCF-FRB"). First, Plaintiff claims that Defendants opened and read his legal mail outside of his presence. Second, Plaintiff claims that Defendants confiscated his legal documents and refused to return them. Third, Plaintiff claims that Defendants permitted tobacco smoking in his living unit at the prison where he was incarcerated, thus subjecting him to harmful levels of secondhand smoke. Finally, Plaintiff claims that Defendants conspired to transfer him out of the State of Minnesota to another facility in the State of Nebraska in retaliation for his legal activities. He alleges that each of these actions violated his constitutional rights under the United States Constitution. Plaintiff seeks compensatory and punitive damages for these alleged constitutional violations. (Doc. No. 1.)

In their answer to Plaintiff's Complaint, Defendants admitted the following as to Plaintiff's first claim: (1) that Defendant Victoria Pohlmann opened a piece of mail in front of Plaintiff; (2) that mailroom staff use an electric letter opener and also open mail by hand; (3) that when legal mail is mistakenly opened out of the presence of an inmate, the inmate is notified by an apologetic note; and (4) that someone named "C. Davis" and an unidentified mail-room employee opened Plaintiff's legal mail on three occasions. As to the remaining averments in Claim

2

I of the Complaint, Defendants either stated that they lacked sufficient knowledge to admit or deny the allegations or denied them.

As to the second claim in Plaintiff's Complaint, Defendants stated that they lacked sufficient knowledge to admit or deny several of Plaintiff's averments and that various exhibits referenced in the claim speak for themselves.  As to the third claim in Plaintiff's Complaint, Defendants admitted that smoking is banned in all state-owned institutions and that inmate smoking was a rare occurrence during Plaintiff's confinement at the MCF-FRB.  Defendants either denied the remaining allegations under Claim II, stated that they were without sufficient knowledge to admit or deny those allegations, or responded that exhibits referenced in the claim speak for themselves.

As to the fourth claim in Plaintiff's Complaint, Defendants admitted the following: (1) that Plaintiff received official paperwork related to his being placed in segregation from the general prison population and a copy of a report announcing the decision to transfer him to an out-of-state facility; (2) that Plaintiff sent a "kite" form to Defendant James Lyons regarding the transfer decision; (3) that Plaintiff spent 17 days in administrative segregation following the transfer decision; and (4) that Planitiff copied a memorandum from Erik Skon, Assistant Commissioner of Adult Facilities for the Minnesota Department of Corrections in connection with preparation of a habeas corpus petition.  Defendants either denied the remaining allegations in Claim IV, stated that they were without

sufficient knowledge to confirm or deny those allegations, or clarified the positions of certain individuals referenced in Plaintiff's Complaint. (Doc. No. 20.)

### III.   DISCUSSION

Plaintiff seeks judgment on the pleadings. (Doc. Nos. 30, 33.) He contends that Defendants "have offered no constitutional basis or justification for their . . . actions toward [him]," that they have denied allegations "with no basis for denials" and without "supporting evidence." (Doc. No. 33 at 1.) Further, Plaintiff argues that there are "no factual disputes" present in this matter as a result of the pleadings. (*Id.* at 3.)

Federal Rule of Civil Procedure 12(c) permits a party to move, after the pleadings are closed, for judgment on the pleadings. "Rule 12(c) judgment on the pleadings procedure primarily is addressed to the . . . function of disposing of cases on the basis of the underlying substantive merits of the parties' claims and defenses as they are revealed in the formal pleadings." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367 (3d ed. 2004). Judgment on the pleadings is appropriate "where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." *Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008) (quotation omitted). "An issue of fact is deemed to be material if the outcome of the case might be altered by its resolution one way rather than another." *Iowa Beef Processors, Inc. v. Amalgamated Meat Cutters and Butcher Workmen of N. Am.*, 627 F.2d 853, 855 (8th Cir. 1980) (quotation omitted). A

4

reviewing court must "view all facts pleaded by the nonmoving party as true and grant all reasonable inferences in favor of that party." *Poehl*, 528 F.3d at 1096.

Viewing the facts pleaded by Defendants as true and granting all reasonable inferences in favor of Defendants, Plaintiff's Motions for Judgment on the Pleadings should be denied. In their Answer, Defendants fairly responded to Plaintiff's Complaint by admitting only certain allegations. Those admissions do not entitle Plaintiff to judgment as a matter of law. Defendants denied the remaining allegations or set forth other responses permitted by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(b)(4)-(5) (permitting partial denials and responses stating that the party lacks sufficient knowledge to admit or deny an allegation). Plaintiff's argument that Defendants' Answer is insufficient for failing to reference and attach supporting evidence is without merit because no such support is required by the notice-pleading approach permitted by the Federal Rules. For these reasons, this Court recommends that Plaintiff's motions for judgment on the pleadings be denied.

## IV.   RECOMMENDATION

Based on the foregoing,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Motion for Judgment on the Pleadings (Doc. No. 30) be **DENIED**; and

    2.    Plaintiff's Motion for Judgment on the Pleadings (Doc. No. 33) be **DENIED**.

Date: January 27, 2009

                                               *s/ Jeffrey J. Keyes*
                                               JEFFREY J. KEYES
                                             United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by February 13, 2009, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.